# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00424-MOC-DSC

| | |
|---|---|
| DEBORAH KNOX, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BISSELL COMPANIES, INC. AKA )<br>BALLANTYNE HOTEL AND LODGE, )<br>)<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Complaint," Doc. 7, and Plaintiff's pro se filing, Doc. 12, and the parties' associated briefs and exhibits, Docs. 8 and 13.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1)(B) (emphasis added). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id.

The Court has reviewed the pleadings and taken into consideration Plaintiff's pro se status, as well as the relatively early stage in this litigation. For those reasons, the Court will construe Plaintiff's filing, Doc. 12, as a Motion to amend her Complaint and will grant her leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff shall file her first amended complaint within thirty (30) days of this Order.

The Court reminds Plaintiff of her obligation under Fed. R. Civ. P. 8(a) to file an amended complaint which contains a "short and plain statement" of her claims, as well as her obligation under Fed. R. Civ. P. Rule 8(d) to provide a "simple, concise, and direct" pleading. The purpose of the complaint is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "At its core, [Rule 8's] requirement is the most natural embodiment of the 'notice pleading' standard established by the Rules." Knox v. Davis, No. 5:11–CT–3266–F, 2012 WL 2116501, at * 2 (E.D.N.C. June 11, 2012) (citing Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009)). "Rule 8 is not merely a toothless preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by the court." Id. Its violation is grounds for dismissal of a complaint. See, e.g., Sewarz v. Long, 407 F. App'x 718, 718–19 (4th Cir.2011) (unpublished); North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir.2004) (unpublished).

The Court warns Plaintiff that her failure to comply with the Court's Orders, including the Standing Order and Pretrial Order and Case Management Plan, the Local Rules and the

Federal Rules of Civil Procedure may result in DISMISSAL OF HER CLAIMS WITH PREJUDICE.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court orders that "Defendant's Motion to Dismiss Plaintiff's Complaint," Doc. 7, be administratively DENIED as moot without prejudice.

IT IS HEREBY ORDERED that:

1. Plaintiff shall file her first amended complaint within thirty (30) days of this Order.

2. "Defendant's Motion to Dismiss Plaintiff's Complaint," Doc. 7, is administratively DENIED as moot without prejudice.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: December 8, 2014

David S. Cayer
United States Magistrate Judge