# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00424-MOC-DSC

| | |
|---|---|
| DEBORAH KNOX, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>BISSELL COMPANIES, INC., )<br>)<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Amended Complaint," Doc. 16, and the parties' associated briefs and exhibits, Docs. 17, 21 and 22.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff Deborah Knox filed her initial Complaint in this action on August 1, 2014 against Bissell Companies, Inc. aka Ballantyne Hotel & Lodge ("Defendant"), asserting claims based upon age discrimination and an injury she allegedly sustained at work. Doc. 1. Defendant moved to dismiss the Complaint on August 28, 2014. Doc.7. In response to Defendant's Motion to Dismiss, Plaintiff filed a document styled as an "Amended Complaint" on October 27, 2014. Doc. 12. On December 8, 2014, the Court construed Plaintiff's filing as a motion to amend her Complaint and ordered her to file an amended complaint within thirty days. Doc. 14.

Plaintiff filed her first Amended Complaint on January 8, 2015. Doc. 15.

Plaintiff's original Complaint, Doc. 1, contained more detailed allegations than her Amended Complaint, Doc. 15. However, it is well settled that an amended pleading supersedes the original pleading and renders the original pleading of no effect. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Consequently, it is the Amended Complaint that is the subject of this Motion.

Plaintiff's Amended Complaint consists of three hand-written pages asserting that Defendant failed to accommodate her disability. The Amended Complaint also refers to an injury she sustained at work that left her unable to return without restrictions. Doc. 15.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to

assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

Plaintiff's failure to accommodate disability claim is governed by the Americans with Disabilities Act as amended, 42 U.S.C. § 12101, et seq. ("ADA"). Title I of the ADA prohibits discrimination by certain employers against qualified individuals with a disability who are otherwise meeting their employers' legitimate expectations. See 42 U.S.C. §§ 12101 – 12213. In order to establish a prima facie case for "failure to accommodate," Plaintiff must show: (1) she was an individual who had a disability within the meaning of the statute; (2) her employer had notice of her disability; (3) with reasonable accommodation she could perform the essential functions of her position; and (4) her employer refused to make such accommodations. See Rhoads v. F.D.I.C., 257 F.3d 373, 387, n.11 (4th Cir. 2001).

Plaintiff's claim regarding a work related injury is governed by the North Carolina Worker's Compensation Act, N.C. Gen. Stat. § 97.1, et seq. ("NCWCA"). Injuries are compensable under the NCWCA if they: (1) are caused by an accident; (2) arise out of the employment; and (3) were sustained in the course of employment. Wake County Hosp. Sys., Inc. v. Safety Nat'l Casualty Corp., 487 S.E.2d 789, 792 (N.C. App. 1997). An "accident" for purposes of the NCWCA means "(1) an unlooked for and untoward event which is not expected or designed

by the injured employee; (2) a result produced by a fortuitous cause." Woodson v. Rowland, 407 S.E.2d 222, 233 (N.C. 1991) (internal citations and quotes omitted). An injury "arises out of" and is sustained in the course of employment if "a job-related motivation or some other causal relation between the job and the [injury] exists." Wake County Hosp., 487 S.E.2d at 789, 792 (1997).

Plaintiff's Amended Complaint is devoid of any facts regarding her position, duties, ability to perform those duties, length of time she was out of work or whether she ever returned to work. She fails to state whether she was able to perform her duties with or without an accommodation, whether she ever requested an accommodation, and if so, whether an accommodation was allowed. Such factual allegations are essential to establish a failure to accommodate disability claim. Plaintiff's Amended Complaint is likewise devoid of facts supporting her claim for a work related injury.

Applying the Supreme Court's Iqbal standard, it is clear that Plaintiff's conclusory statements do not support her claims for failure to accommodate disability or any work related injury. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 556 U.S. at 678. Plaintiff's Complaint is comprised of precisely the sort of "unadorned, the defendant unlawfully harmed me accusations" that the Supreme Court recognized as insufficient to survive a motion to dismiss in Iqbal. Id. (quoting Twombly, 550 U.S. at 555).

Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's "Motion to Dismiss Plaintiff's Amended Complaint," Doc. 16, be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: April 8, 2015

David S. Cayer
United States Magistrate Judge