UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00424-MOC-DSC

| | |
|---|---|
| **DEBORAH KNOX,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     **ORDER**<br>) |
| **BISSELL COMPANIES, INC. aka**<br>**BALLANTYNE HOTEL & LODGE,** | )<br>)<br>) |
| Defendant. | ) |

**THIS MATTER** is before the court on Plaintiff's Objections (#24) to the magistrate judge's Memorandum and Recommendation (#23). Plaintiff, who is proceeding *pro se*, makes no specific assignment of error in her objections to the Memorandum and Recommendation, but instead repeats much of the facts surrounding her employment history with Defendant. In the Memorandum and Recommendation (#24), the magistrate judge recommended dismissing Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff filed her initial complaint in this action on August 1, 2014, asserting claims based on age discrimination and an injury she allegedly sustained at work (#1). In response to Defendant's Motion to Dismiss (#7), Plaintiff filed a document styled as an "Amended Complaint" on October 27, 2014. (#12). On December 8, 2014, the court construed Plaintiff's filing as a motion to amend her complaint and ordered her to file an amended complaint within thirty days (#14). Plaintiff filed her Amended Complaint (#15) on January 8, 2015, which generally alleges that Defendant failed to accommodate her disability and refers to an injury sustained at work that left her unable to work without restrictions. Plaintiff's Amended

-1-

Complaint is much less detailed than her original complaint and does not make any reference to age discrimination. As the magistrate judge advised Plaintiff, see (#14), "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). However, it is apparent that Plaintiff attempted to amend her complaint by incorporating all previous facts and allegations made in the original complaint.

Upon review of the record in this matter, and in light of the latitude extended to the pleadings of *pro se* litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the court believes that a hearing on Plaintiff's objections to the magistrate judge's Memorandum and Recommendation is appropriate and will therefore schedule such a hearing. Plaintiff is advised that she must appear at the hearing, the time and date for which will be indicated in ECF after the entry of this Order. At the hearing, Plaintiff shall be prepared to address the court and explain the legal claims she is attempting to bring against Defendant in this case (*i.e.* for employment discrimination pursuant to the Civil Rights Act and/or the Age Discrimination in Employment Act, for failure to accommodate disability pursuant to the Americans with Disabilities Act, and/or for a work-related injury, which appears to be governed by the North Carolina Worker's Compensation Act). At the hearing, Plaintiff must also explain how the facts alleged in the original and amended complaints support those claims and articulate legal reasons why her complaint should proceed in court at this point. Plaintiff is advised that the standard that the court will use to determine whether to dismiss her claims is that articulated by the magistrate judge in his Memorandum and Recommendation. See (#23 at p. 2-4 (explaining what Plaintiff

must show in order to survive a motion to dismiss)). The court therefore enters the following Order.

## ORDER

**IT IS HEREBY ORDERED** that the Clerk of Court calendar Plaintiff's Objections (#24) for the next available Charlotte civil motions day.

Signed: June 3, 2015

Max O. Cogburn Jr.
United States District Judge