UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00424-MOC-DSC

| | |
|---|---|
| **DEBORAH KNOX,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )   ORDER |
| | ) |
| **BISSELL COMPANIES, INC., aka** | ) |
| **BALLYNTYNE HOTEL & LODGE,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and the court heard oral arguments on the objections on June 17, 2015.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a

1

district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is not fully consistent with current law. As discussed at the hearing, the court finds that Plaintiff has properly stated a claim for failure to accommodate a disability pursuant to the Americans with Disabilities Act, which Plaintiff confirmed at the hearing as the only claim she wishes to pursue in this action. The court therefore finds that dismissing this action pursuant to FED.R.CIV.P. 12(b)(6) is inappropriate and will therefore overrule the magistrate judge's recommendation in that regard.

### I. Discussion

To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Id.* (second alteration in original; citation omitted). A claimant must plead sufficient facts to state a claim for relief that is "plausible on its face." *Id.* at 570. As the Supreme Court elaborated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "[a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability …." *Id.* While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP*, 213 F. 3d 175, 180 (4th Cir. 2000).

The court is mindful of the latitude extended to the pleadings of *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Here, despite the magistrate judge's explicit instruction to Plaintiff that "an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot," *see* (#14 at p. 3) (citing *Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) (noting that amended pleading renders original pleading of no effect)). Plaintiff stated at the hearing that she filed her Amended Complaint (#15) essentially as a supplement to, and not a replacement of, the original complaint. In light of Plaintiff's *pro se* status, and the fact that the original complaint filed in this action is significantly more detailed than the amended complaint, the court will construe the facts as alleged in both complaints.

Plaintiff's failure to accommodate disability claim is governed by the Americans with Disabilities Act as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"). The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to[, *inter alia,*] the hiring, advancement, or discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a *prima facie* case for "failure to accommodate," Plaintiff must show: (1) she was an individual who had a disability within the meaning of the statute; (2) her employer had notice of her disability; (3) with

reasonable accommodation she could perform the essential functions of her position; and (4) her employer refused to make such accommodations. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 387, n.11 (4th Cir. 2001).

The court finds that Plaintiff has alleged facts sufficient to state all the elements of a claim for failure to accommodate a disability under the ADA. The court will therefore overrule the Memorandum and Recommendation insofar as it recommends dismissing this matter for failure to state a claim and allow Plaintiff's ADA claim to proceed at this time. Plaintiff is advised that as this matter proceeds, she must comply with all deadlines and requirements set out by the court during discovery. Additionally, though the court does not anticipate any problems to this effect given the parties' professional and courteous conduct at the hearing, Defendant is reminded that the court will not look favorably on any attempts to "dump" unnecessary discovery requests upon the Plaintiff or otherwise abuse any advantages it may have in this litigation given Plaintiff's *pro se* status.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#23) is **REVERSED,** and Defendant's 12(b)(6) Motion to Dismiss (#16) is **DENIED** without prejudice as to reasserting the substance of such argument after the close of discovery in the form of a Motion for Summary Judgment.

Signed: July 6, 2015

Max O. Cogburn Jr
United States District Judge